IN THE

# COURT OF ERRORS AND APPEALS

OF THE STATE OF NEW JERSEY,

## ON APPEAL FROM THE COURT OF CHANCERY,

### JULY TERM, 1877.

---

RUSILLA WINTERMUTE, appellant,

and

LEMUEL F. L. WILSON, respondent.

1. Proof that a testator is advanced in years, and that his health is broken, and his mind somewhat enfeebled, and that his will is unjust, are not sufficient grounds for setting aside his will.

2. When irrelevant evidence is taken, and the examination unnecessarily protracted, neither costs nor counsel fees should be allowed for the taking of such unnecessary testimony.

---

On appeal from a decree of the prerogative court, reported in 12 *C. E. Gr.* 447.

*Mr. J. G. Shipman,* for appellant.

*Mr. William H. Morrow,* for respondent.

THE CHIEF JUSTICE.

This is an appeal from a decree of the prerogative court, admitting the will of Charles Wintermute, deceased, to probate. The appellant was the wife of the testator, and this testamentary paper was opposed by her before this court on the two-fold ground that her husband, when he executed

29

it, was mentally incompetent, and that he had been induced to execute it by fraud and undue influence.

But these allegations are not sustained by the proofs. Mr. Wintermute, at the time in question, was advanced in years, and was enfeebled by disease; but the evidence clearly shows that his mental decay had not reached the point of legal incapacitation. He was examined as a witness, a short time before his death, with respect to the differences between himself and his wife, and which differences led to the making of this will, and the intelligence and force of purpose displayed by him on that occasion, are alone sufficient, in my judgment, to dispel the notion that he could not fully understand his affairs, or that he would submit obsequiously to be dictated to by those about him. That this will is unjust with respect to the appellant, is plainly manifest; she appears to have had strong claims to the regard and affection of her husband. When she married him he was the father of eleven children, and under her administration of the affairs of that household for nearly nineteen years, the family prospered and was harmonious. The proof is clear that she was a hard worker and a close economizer, so that there is every reason to conclude that a large part of the money which by this will is diverted from her, was earned by her exertions. But the misfortune is, that such diversion was not without a cause. Just before the making of this will she quarrelled with her husband, and the anger thus kindled was not suffered to die out, but was inflamed by some of those who were likely to profit by it. But the occasion of the anger being real, there is no pretext for saying that the will is the offspring of delusion; in truth, it is the product of bad advice and a disproportioned resentment; and this clearly can lay no ground for setting it aside in a court of law. The will was properly admitted to probate.

But in affirming this decree, no costs or fees to his counsel in this court can be allowed to the respondent, out of the estate represented by him, except the taxed costs of this appeal. We are led to this step from the conviction that

the expense already imposed on this estate is largely exorbitant. The testimony on both sides has embraced so much that is irrelevant, and on trivial topics has been run into such endless details, and the mere collateral minutiæ of the case have been so magnified by examinations and cross-examinations, that the principal labor in adjudging this issue has consisted in an endeavor to discern, in this mass of rubbish, the facts which are of importance. Such a result, we think, indicates an abuse of the right to take testimony before masters or other officers not clothed with a power of control over the admission of evidence; and when such abuse occurs we think the proper check is to refuse to the party, even if successful in his suit, all costs and counsel fees for taking such unnecessary testimony. In the present instance, if there had been an appeal, by a party interested, from that part of the decree awarding costs and counsel fees out of this estate, it is not probable that this court would have allowed more than a third of the sum which has been awarded in the court below. As it is, the court affirms the decree without costs as against the appellant, and awards nothing further to the respondent than his own taxed costs.

Decree unanimously affirmed.